IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01509-MSK

BIG O TIRES, LLC, a Nevada limited liability company f/k/a BIG O TIRES, INC., a Colorado corporation,

        Plaintiff,

v.

D&T AUTO SALES & SERVICES, INC., an Indiana corporation;
T&M SALES AND SERVICE, INC., an Indiana corporation;
WILLIAM T. MEEK and
MARY E. MEEK,

        Defendants.
_____

## ORDER ENTERING DEFAULT JUDGMENT
_____

THIS MATTER coming before the Court on Plaintiff's Motion for Default Judgment (**#15**) against Defendants D&T Auto Sales & Service, Inc., T&M Sales and Service, Inc., William T. Meek, and Mary E. Meek (collectively, the "Defendants"), and the Court having been duly advised in the premises therein, the Court hereby **FINDS** and **ORDERS** as follows:

    1.    This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338, this matter involving a federal question and arising under Acts of Congress relating to trademarks and unfair competition.

    2.    Personal jurisdiction is proper.

    3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

    4.    Entry of Default Judgment is appropriate and the Motion is **GRANTED**.  A

default has previously entered and Plaintiff has made a *prima facie* showing of entitlement to relief.

    5.    Judgment is hereby entered in favor of Plaintiff Big O Tires, Inc. and against Defendants in the following amounts:

    I.    Default judgment against D&T and the Guarantors, jointly and severally, for a total of $112,640.77 consisting of:

    a. $97,789.01 for past due accounts receivables, royalties receivables pursuant to the Franklin Agreement;

    b. $14,851.76 in interest pursuant to the Franklin Agreement (calculated at 18% per annum, at a per diem[1] of $48.22);

    II.    Default judgment against T&M and the Guarantors, jointly and severally, for a total of $84,527.87 consisting of:

    a. $78,096.70 in past due amounts pursuant to the Seymour Agreement;

    b. $6,431.17 in interest pursuant to the Seymour Agreement (calculated at 18% per annum, at a per diem[2] of $38.51);

    III.    Attorneys' fees and costs against the Defendants, jointly and severally, for a total of $5,228.97 consisting of:

---

[1] Per diem assessed from the September 29, 2008 termination of the Franklin Agreement through August 3, 2009 for a total of 308 days.

[2] Per diem assessed from the February 17, 2009 sale of T&M's franchise through August 3, 2009 for a total of 167 days.

        a. $4,878.00 in attorneys' fees pursuant to section 2.02 of the Franklin Agreement, section 27.02 of the Seymour Agreement and pursuant to the terms of the Guarantees of the Franklin Agreement and Seymour Agreement executed by the Guarantors; and

        b. $350.97 in costs, pursuant to section 27.02 of the Franklin Agreement, section 27.02 of the Seymour Agreement and pursuant to the terms of the Guarantees of the Franklin Agreement and Seymour Agreement executed by the Guarantors.

6.    Interest against Defendants shall accrue at the contract rate of 18% per annum from the date of this Order until such judgment is satisfied.

**IT IS HEREBY DECLARED THAT:**

I.    Big O owns the following service and trademarks (collectively the "Marks"):

    a.    BIG-O, Registration Number 993,415, registered September 24, 1974;

    b.    BIG O, Registration Number 994,466, registered October 1, 1974;

    c.    BIG O TIRES and design, Registration Number 1,611,160, registered August 28, 1990;

    d.    BIG O TIRES and design, Registration Number 2,834,058, registered April 20, 2004;

    e.    BIG O TIRES and design, Registration Number 2,821,053, registered March 9, 2004;

  f. WWW.BIGOTIRES.COM, Registration Number 2,514,975, registered December 4, 2001;

  g. A REPUTATION YOU CAN RIDE ON, Registration Number 1,845,544, registered February 22, 1993; and

  h. BIG FOOT 60, Registration Number 1,102,058, registered September 12, 1978.

II. Big O also has a trade dress that consists of the overall layout of the franchised locations including decorative maroon, black and white stripes, a red and white interior and various point of purchase materials and displays (collectively the "Trade Dress") that its franchisees use.

III. By virtue of the Franchise Agreement, Big O licensed D&T and Guarantors to, among other things, use the Marks and Trade Dress.

7. D&T and the Guarantors are permanently enjoined as follows:

 a. Pursuant to 15 U.S.C. § 1116, the Guarantor, D&T, and its officers, agents, servants, employees and attorneys, and those persons in active concert or participating with D&T who receive actual notice of this Order by personal service or otherwise are enjoined from engaging in the following acts in Indiana and the United States or in foreign commerce:

  I. Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

  ii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or

      suggest the Marks or Trade Dress;

      iii.  Otherwise infringing the Marks or Trade Dress;

      iv.  Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner; and

      v.  Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

  b. Pursuant to 15 U.S.C. § 1116 and applicable contractual provisions in the Franchise Agreement, D&T and the Guarantors are required to assign Big O all of D&T's business telephone numbers and customer lists; and

  c. Pursuant to 15 U.S.C. § 1118, D&T and the Guarantors are directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of D&T and the Guarantors, that use the Marks or Trade Dress.

8. D&T, the Guarantors, their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are permanently enjoined from directly or indirectly engaging in any business, which offers or sells tires, wheels, shock absorbers automotive services, or other products and services that compete with Big O within a 10 mile radius of 320 North Morton, Franklin, Indiana 46131, for a period of two (2) years pursuant to section 17.04 of the Franklin Agreement.  The covenant not to compete two (2) year period shall start on the date that D&T and the Guarantors are enjoined from competing or stop competing with Big O, whichever is later.

9. D&T and the Guarantors are required to return to Big O all manuals and proprietary materials of Big O.

10. D&T and the Guarantors are required to file with the Court and serve on Big O within 30 days after the issuance of this injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with this Order.

The Clerk is directed to close this case.

DATED this 5th day of October, 2009.

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge