IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01509-MSK-BNB

BIG O TIRES, LLC, a Nevada limited liability company, f/k/a Big O Tires, Inc. a Colorado
corporation,

Plaintiff,

v.

D&T AUTO SALES & SERVICE, INC., an Indiana corporation,
T&M SALES AND SERVICE, INC., an Indiana corporation,
WILLIAM T. MEEK, and
MARY E. MEEK,

Defendants,

_____

**CERTIFICATION OF FACTS PURSUANT TO 28 U.S.C. § 636(e)(6)
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises on plaintiff's **Motion for Order to Show Cause Why Defendants
Should Not Be Held in Contempt** [Doc. # 25, filed 11/23/2009] (the "Motion") and my **Order
to Show Cause** [Doc. # 31, filed 12/11/2009] (the "Order to Show Cause").  I hereby CERTIFY
the following facts to the district judge pursuant to 28 U.S.C. § 636(e)(6) and respectfully
RECOMMEND that the district judge require that D&T Auto  Sales & Service, Inc., and
William T. Meek appear before her to show cause why they should not be adjudged in contempt
by reason of the certified facts.

My Order to Show Cause [Doc. # 31] required that defendants D&T Auto Sales &
Service, Inc. ("D&T"), and William T. Meek and Mary E. Meek (collectively the "Meeks")
show cause in writing on or before January 4, 2010, why they should not be held in contempt of
this court's permanent injunction (the "Injunction") entered as a part of the Order Entering

Default Judgment [Doc. # 18, filed 10/5/2009].  In addition, the Order to Show Cause set the matter for an evidentiary hearing on January 8, 2010, at 8:30 a.m., at which time I would require the plaintiff to present evidence establishing the existence of the alleged contempt.  See United States v. Professional Air Traffic Controllers Org., 703 F.2d 443, 445 (10th Cir. 1983) (holding that "proof of [civil] contempt must be clear and convincing").  The Order to Show Cause notified D&T and the Meeks that they were entitled to be present at the hearing; to be represented by counsel; and to present evidence in response to the Order to Show Cause and any evidence presented by the plaintiff.

The plaintiff was required to personally serve D&T and the Meeks with the Order to Show Cause by December 21, 2009, and to provide proof of that service by December 28, 2009.  Order to Show Cause [Doc. # 31] at p. 4.  Consistent with my order, the plaintiff filed Returns of Service establishing that copies of the Order to Show Cause were served as follows:

• On D&T by delivering "a true copy of the Order to Show Cause to Carolyn Mathauer, Business Manager" at 320 N. Morton, Franklin, Indiana, "who stated that they were authorized to accept service,"Affidavit of Service [Doc. # 35, filed 12/22/2009];

• On William T. Meek by delivering "a true copy of the Order to Show Cause to Carolyn Mathauer, Business Manager" at 320 N. Morton, Franklin, Indiana, "who stated that they were authorized to accept service," Affidavit of Service [Doc. # 34, filed 12/22/2009]; and

• On Mary E. Meek by delivering "a true copy of the Order to Show Cause to Carolyn Mathauer, Business Manager" at 320 N. Morton, Franklin, Indiana, "who stated that they were authorized to accept service," Affidavit of Service [Doc. # 33, filed 12/22/2009].

Rule 4(h)(1)(B), Fed. R. Civ. P., allows personal service on a corporation, such as D&T, by delivering the document to "a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ."  Rule 4(e)(1)(A), Fed. R. Civ. P., allows personal service on an individual, such as the Meeks, by following the law of the state where this court is located.  Colorado Rule 4(e)(1), Colo. R. Civ. P., allows personal service by leaving the document "at the person's usual work place, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process."  I find that personal service of the Order to Show Cause was properly effectuated on D&T pursuant to Fed. R. Civ. P. 41(h)(1)(B) and on the Meeks pursuant to Fed. R. Civ. P. 41(e)(1)(A) and Colo. R. Civ. P. 4(e)(1).

Neither D&T nor the Meeks responded to the Order to Show Cause.

I held the evidentiary hearing on the Order to Show Cause on January 8, 2010, at which time the plaintiff and its attorney appeared and presented evidence.  No appearance was made at the evidentiary hearing by D&T or the Meeks.

At the evidentiary hearing, plaintiff's counsel withdrew the request for contempt against Mary Meek, stating that the plaintiff has no evidence that she is violating the Injunction.

As a preliminary matter, I recognize that I lack authority to enter a contempt citation under the facts presented here.  Although 28 U.S.C. § 636(e) confers contempt powers on a magistrate judge under certain circumstances, those powers do not extend to civil contempts occurring outside the presence of the magistrate judge in cases not subject to consent under 28

U.S.C. §636(c).  The contempt procedure applicable to the facts presented here is set out in 28

U.S.C. §636(e)(6), as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district
> judge and may serve or cause to be served, upon any person whose
> behavior is brought into question under this paragraph, an order
> requiring such person to appear before a district judge upon a day
> certain to show cause why that person should not be adjudged in
> contempt by reason of the facts so certified.  The district judge
> shall thereupon hear the evidence as to the act or conduct
> complained of and if it is such as to warrant punishment, punish
> such person in the same manner and to the same extend as for a
> contempt committed before the district judge.

In connection with certifying the facts to the district judge, "the magistrate judge may

conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any

order of contempt."  Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y.

2008)(internal citations and quotations omitted).  This initial show cause order and hearing

merely provide the respondents with an opportunity to explain their conduct prior to the matter

being certified to the district judge for a contempt hearing.  In addition:

> If the [magistrate judge] finds [the respondents'] explanation to be
> satisfactory, [he] may choose not to certify the matter for further
> proceedings.  If this result occurs, the [magistrate judge's] preliminary
> show cause hearing will have been an efficient means of disposing of
> the matter.  On the other hand, should the [magistrate judge] not be
> satisfied with [the respondents'] explanation, [he] cannot adjudicate the
> matter [himself], but must follow the certification process of § 636(e).

In re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

The United States Supreme Court has stated that "[t]here can be no question that courts

have inherent power to enforce compliance with their lawful orders through civil contempt."

Shillitani v. United States, 384 U.S. 364, 370 (1966).  Similarly, the Tenth Circuit Court of

Appeals has stated that a "court's interest in ensuring a party's compliance with its orders is a

great one, enforceable by fines or imprisonment." <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1541

(10th Cir. 1997).

      Civil contempt is a proper means to enforce an injunction. <u>Federal Trade Comm. v.</u>

<u>Kuykendall</u>, 371 F.3d 745 (10th Cir. 2004). An order of civil contempt must be supported by

clear and convincing evidence establishing (1) the existence of a valid court order, (2) that the

defendants had actual knowledge of the order, and (3) that the defendants disobeyed the order.

<u>Id</u>. at 756-57.

**CERTIFIED FACTS**

      I hereby find and certify the following facts material to the issue of contempt:

      (1)     This action was commenced by the filing of a Verified Complaint [Doc. # 1, filed

6/26/2009];

      (2)     As is relevant here, the Verified Complaint alleged that D&T entered into a

franchise agreement with the plaintiff ("Big O") effective July 1, 1999 (the "Franklin

Agreement"). Verified Complaint at ¶14. D&T operated a tire store as a Big O franchisee at

320 North Morton, Franklin, Indiana. <u>Id</u>. The Meeks guaranteed D&T's performance of its

obligations under the Franklin Agreement. <u>Id</u>. at ¶16. D&T breached the Franklin Agreement

and the Meeks breached their guarantee by failing to pay for product ordered from Big O; failing

to pay royalties owed to Big O; and failing to contribute to the national advertising fund. <u>Id</u>. at

¶17. As a result of those breaches, the plaintiff brought the following claims against D&T and

the Meeks:

- First Claim:  Trademark Infringement (against D&T and the Meeks);

- Second Claim:  Unfair Competition (against D&T and the Meeks);

- Third Claim:  Breach of Contract (against D&T);

- Fourth Claim:  Breach of Contract (against D&T); and

- Fifth Claim:  Breach of Guarantees (against the Meeks).

(3)      D&T and the Meeks failed to answer or otherwise respond to the Verified

Complaint.  The district judge entered default pursuant to Fed. R. Civ. P. 55(a) on July 29, 2009,

against D&T, William T. Meek, and Mary Meek.  Courtroom Minutes [Doc. # 14, filed

7/29/2009].

(4)      The district judge entered default judgment against D&T, William T. Meek, and

Mary Meek on October 5, 2009.  Order Entering Default Judgment [Doc. # 18].  The default

judgment includes the Injunction, as follows:

> 7.  D&T and the Guarantors [the Meeks] are permanently enjoined
> as follows:
>
> a.  Pursuant to 15 U.S.C. §1116, the Guarantor, D&T, and its
> officers, agents, servants, employees and attorneys, and those
> persons in active concert or participating with D&T who receive
> actual notice of this Order by personal service or otherwise are
> enjoined from engaging in the following acts in Indiana and the
> United States or in foreign commerce:
>
> > i.  Using the Marks and Trade Dress in the advertising or
> > sale of tires and automotive services;
> >
> > ii.  Using in any manner any service mark, trademark, trade
> > name, trade dress, words, numbers, abbreviations, designs, colors,
> > arrangements, collocations or any combination thereof which
> > would imitate, resemble or suggest the Marks or Trade Dress;
> >
> > iii.  Otherwise infringing the Marks or Trade Dress;

iv.  Unfairly competing with Big O, diluting the distinctiveness of Big O's well know Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner; and

v.  Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

b.  Pursuant to 15 U.S.C. § 1116 and applicable contractual provisions in the Franchise Agreement, D&T and the Guarantors are required to assign Big O all of D&T's business telephone numbers and customer lists; and

c.  Pursuant to 15 U.S.C. § 1118, D&T and the Guarantors are directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of D&T and the Guarantors, that use the Marks or Trade Dress.

8.  D&T, the Guarantors, their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are permanently enjoined from directly or indirectly engaging in any business, which offers or sells tires, wheels, shock absorbers automotive services, or other products and services that compete with Big O within a 10 mile radius of 320 North Morton, Franklin, Indiana 46131, for a period of two (2) years pursuant to section 17.04 of the Franklin Agreement.  The covenant not to compete two (2) year period shall start on the date D&T and the Guarantors are enjoined from competing or stop competing with Big O, whichever is later.

Id. at ¶¶7-8.

(5)   Copies of the Default Judgment, including the Injunction, were personally served on D&T and William T. Meek on October 22, 2009, as follows:

• On D&T by delivering "a true copy of the Order Entering Default Judgment to Kerry Simpson, Manager" at 320 N. Morton, Franklin, Indiana, "who stated that they were authorized to accept service,"Affidavit of Service [Doc. # 19, filed 11/5/2009]; and

• On William T. Meek on by delivering "a true copy of the Order to Show Cause to Kerry Simpson, Manager" at 320 N. Morton, Franklin, Indiana, "who stated that they were authorized to accept service," Affidavit of Service [Doc. # 22, filed 11/5/2009].

Personal service of the Injunction was properly effectuated on D&T pursuant to Fed. R. Civ. P. 4(h)(1)(B) and on William T. Meek pursuant to Fed. R. Civ. P. 4(e)(1)(A) and Colo. R. Civ. P. 4(e)(1).  As a result of this personal service, D&T and William T. Meek had actual notice of the Injunction.

(6)     William T. Meek is the owner of D&T.

(7)     William T. Meek goes by the nickname of Toby.  Prior to the commencement of this action, D&T operated its tire store as a Big O franchisee at 320 North Morton, Franklin, Indiana, under the name Toby's Tires.  Prior to the commencement of this action, Toby's Tires utilized telephone number 317-736-4577 in connection with its operation of a tire store as a Big O franchisee.

(8)     As of November 2009 and thereafter, D&T and William T. Meek have engaged and continue to engage in the following activities which violate the terms of the Injunction:

• D&T and William T. Meek are operating a tire store at 320 North Morton, Franklin, Indiana, under the name Toby's Tires, see Exhs. 2-5 [Doc. # 37, filed 1/8/2010];

• D&T and William T. Meek, through the operation of Toby's Tires, are engaging in a business at 320 North Morton, Franklin, Indiana, which offers and sells tires, automotive services, and other products and services which compete with Big O, id.;

• D&T and William T. Meek, in connection with the operation of Toby's Tires, have published a telephone listing using the name "Big O Tire Dealers," see Exh. 6 [Doc. # 37, filed

1/8/2010], which is the plaintiff's trademark or are words confusingly similar to the plaintiff's trademark;

• D&T and William T. Meek have failed to assign to Big O all of D&T's business telephone numbers including telephone number 317-736-4577, id.; and

• D&T and William T. Meek have failed to assign to Big O all of D&T's customer lists.

**RECOMMENDATION**

In view of the Certified Facts, I respectfully RECOMMEND that the district judge require that D&T Auto Sales & Service, Inc., and William T. Meek appear before her to show cause why they should not be adjudged in contempt.

FURTHER, IT IS ORDERED that the plaintiff shall effect personal service of this Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6) and Recommendation of United States Magistrate Judge on D&T and William T. Meek on or before **January 22, 2010**, and provide proof of that service to the court on or before **January 29, 2010**.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir.

1996).

      Dated January 8, 2010.

                             BY THE COURT:

                              s/ Boyd N. Boland
                             United States Magistrate Judge